IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hayward L. Rogers,<br><br>        Plaintiff,<br><br>v.<br><br>Dayton C. Riddle, Lexington County Solicitor; Lexington County Court,<br><br>        Defendants. | Civil Action No. 2:25-cv-12444-TMC<br><br>**ORDER** |

Plaintiff Hayward L. Rogers, a state prisoner and frequent *pro se* litigant in the District of South Carolina, filed this action pursuant to 42 U.S.C. § 1983 alleging the Defendants committed various constitutional and state law violations in connection with his state criminal conviction. (ECF No. 1). Plaintiff claims that Defendant Riddle "unlawfully impaneled" a state grand jury in February 1999 and, therefore, that he was "never legally indicted" for the crimes of conviction. *Id*. at 6–7. Plaintiff seeks "injunctive relief from prosecution misconduct." *Id*. at 7. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On September 10, 2025, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 7). The magistrate judge found that Plaintiff is a frequent litigant and, over the years, "has accrued at least three strikes" under 28 U.S.C. § 1915(g)[1],

---

[1] Plaintiff has filed nearly 30 § 1983 actions in this district. The court, having conducted a backward-looking inquiry as directed by *Pitts v. South Carolina*, 65 F.4th 141, 145–46 (4th Cir. 2023), is satisfied that Plaintiff has had *at least* three prior actions dismissed on grounds enumerated in § 1915(g). Plaintiff does not dispute or challenge this conclusion. *See, e.g., Rogers*

noting that, in fact, Plaintiff has at least twice been denied *in forma pauperis* status pursuant to the three-strike rule. *Id*. at 2–3. Therefore, the magistrate judge concluded that Plaintiff must prepay the filing fee for this action in order to proceed with his claims unless he can demonstrate he is "under imminent danger of serious physical injury." *Id.* at 2. The magistrate judge then found that Plaintiff alleged "no facts showing that the 'imminent danger' exception should apply," and recommended that Plaintiff's motion for in forma pauperis status be denied and that Plaintiff be given 21 days to pay the filing fee before this action is dismissed. *Id*. at 3. Plaintiff filed objections to the Report. (ECF No. 17).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*,

---

*v. Carrigg et al*., Civ. Action No. 3:16-cv-03163-TMC at ECF No. 11 (D.S.C. Oct. 24, 2016) (adopting Report (ECF No. 8) and summarily dismissing § 1983 action on numerous grounds, including the failure to state a plausible claim in light of *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Rogers v. Wilson et al*., Civ. Action. No. 2:16-cv-00558-TMC at ECF No. 27 (D.S.C. Dec. 14, 2016) (summarily dismissing § 1983 as both time-barred and barred by *Heck*); *Rogers v. Stirling et al*., Civ. Action No. 2:15-cv-04550-TMC at ECF No. 14 (D.S.C. Mar. 21, 2016) (adopting Report (ECF No. 9) and summarily dismissing § 1983 action on numerous separate grounds, including the failure to state a plausible due process claim for deprivation of personal property). The court notes that a dismissal under the *Heck* rule constitutes a strike. *See Brunson v. Stein*, 116 F.4th 301, 306 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1169 (2025).

478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

3

As noted, Plaintiff filed objections to the Report. (ECF No. 17). In his objections, Plaintiff mounts a collateral attack on his convictions based primarily on actual innocence grounds. *Id*. at 1–5. Plaintiff also appears to suggest the Report is tainted by "racial bias." *Id*. at 1. Plaintiff, however, *does not dispute* that he has accrued "three strikes" within the meaning of § 1915(g), nor does he challenge the magistrate judge's finding that there are no facts supporting application of the imminent danger exception set forth in § 1915(g).

The court has carefully reviewed the Report and the record under a *de novo* standard; the court finds no error in the Report and can discern no basis for deviating from the recommendations in the Report. The court overrules Plaintiff's objections and **ADOPTS** the Report (ECF No. 7), which is incorporated herein by reference.

Accordingly, the motion to proceed in forma pauperis (ECF No. 2) is **DENIED**. **Plaintiff is granted twenty-one (21) days from the date of this order to pay the filing fee. If the fee is not paid in that time, the Clerk is directed to DISMISS this action without prejudice, deny all pending motions as moot, and close this case.** If Plaintiff chooses to pay the required fee within the time allotted, this action shall be sent back to the magistrate judge for further review.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 19, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.